24CA1012 Peo in Interest of XJP 01-09-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1012
Garfield County District Court No. 20JV64
Honorable Denise K. Lynch, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of X.J.P., a Child,

and Concerning J.D.P.,

Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE MOULTRIE
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 9, 2025

---

Heather K. Beattie, County Attorney, Bart Outzen, Assistant County Attorney, Glenwood Springs, Colorado, for Appellee

Cassie L. Coleman, Guardian Ad Litem

Lindsey Parlin, Office of Respondent Parent's Counsel, Denver, Colorado, for Appellant

¶ 1    In this dependency and neglect action, J.D.P. (father) appeals the judgment allocating parental responsibilities for X.J.P. (the child) to J.R. (the maternal grandmother).  We affirm the judgment.

## I.    Background

¶ 2    In 2019, the Garfield County Department of Human Services (the Department) filed a petition in dependency and neglect based on concerns about domestic violence between father and B.H. (mother) and mother's substance abuse.  During that action, the juvenile court issued a permanent protective order restricting father's contact with the child.  The juvenile court closed the first case in early 2020, with an allocation of parental responsibilities (APR) to mother and certified the APR and permanent protective order into a domestic relations case.

¶ 3    Just five months after the first case closed, the Department opened a voluntary, non-court involved case due to concerns about mother's substance use.  The Department attempted to implement a safety plan, but after five months it filed another petition in dependency and neglect, alleging similar concerns as the first petition regarding the then three-year-old child.

¶ 4     The juvenile court granted temporary custody to the Department for placement in foster care. A few days after the petition was filed, father allegedly attempted to forcibly remove the child from the foster placement. Father was arrested and held in custody on pending criminal charges, where he remained throughout the dependency and neglect action. A second protective order entered through the criminal case which prohibited father from contacting the child.

¶ 5     One year after the filing of the petition, the mandatory protective order in the criminal matter was amended to authorize video contact with the child as facilitated by the Department. The juvenile court then authorized contact but required the child's therapist to be present during family time.

¶ 6     Eighteen months after the petition was filed, the child's guardian ad litem (GAL) moved for an APR to the maternal grandmother. Shortly after the GAL filed the motion for APR, the juvenile court granted temporary custody to the maternal grandmother. At the time the child moved to the maternal grandmother's home, father's family time was limited to two

fifteen-minute phone calls with the child each month, supervised by the Department.

¶ 7     Two years after the petition was filed and following an evidentiary hearing on the GAL's motion for APR, the juvenile court granted an APR to the maternal grandmother.

¶ 8     Father appealed. A division of this court upheld the juvenile court's decision to allocate parental responsibilities to the maternal grandmother. *People In Interest of X.P.*, (Colo. App. No. 23CA0465, Oct. 5, 2023) (not published pursuant to C.A.R. 35(e)). The division, however, reversed a parenting time provision of the judgment and remanded the case "for the juvenile court to allocate parenting time, subject to the protection orders, without delegating decisions regarding parenting time." *Id.* at ¶ 17.

¶ 9     On remand, the juvenile court held an additional evidentiary hearing. The court then issued an amended parenting plan, wherein it ordered "that father shall not have any parenting time with [the child] at this time."

¶ 10    Father appeals the amended parenting plan.

## II.    Parenting Time Orders

¶ 11    Allocating parental responsibilities and designating parenting time is a matter within the sound discretion of the juvenile court. *See In re Parental Responsibilities Concerning B.R.D.*, 2012 COA 63, ¶ 15.  When there is record support for the juvenile court's findings, its resolution of conflicting evidence is binding on review. *Id.* However, whether a court has applied the correct legal standard presents a question of law that we review de novo. *Id.*

¶ 12    Father contends that the juvenile court erred because it was in the child's best interest to allow him to have parenting time.  The juvenile court ordered that father was not to have any contact with the child.  The court found that the child did not know father given the length of time he had not had contact with her.  The court also found that father's mental health remained unstable and that he was facing criminal charges related to allegedly attempting to kidnap the child.  The court found that the child's emotional development would be "significantly impaired" if she were to have any contact with father, even by telephone.

¶ 13    The record supports the juvenile court's findings, and we perceive no error in the court's legal conclusion.

¶ 14    The child was five years old when the juvenile court entered the APR.  The limited family time that occurred during the dependency and neglect action was not successful.  The Department's caseworker testified that father's inappropriate conversations were "a constant theme" during family time and resulted in sessions being ended early by the family time supervisor.  The maternal grandmother testified that the child was treated by a psychologist for anxiety and trauma-related symptoms, that she conferred with the child's psychologist about the child's needs, and that the child's treating psychologist recommended against the child having contact with father.  The maternal grandmother ensured that the child had a stable routine which helped the child feel secure.

¶ 15    The totality of father's condition — including his ongoing mental health concerns and his lack of relationship with the child — created a risk of harm to the child if she were to have contact with him.  The juvenile court found that father was unfit at the close of the first dependency action and reaffirmed that finding at the close of the second.  Father was unable to attend at least one of the hearings because the county jail where he was being held

refused to leave father in a room to attend court virtually "for safety reasons." The juvenile court took judicial notice of father's criminal matter and noted that father's mental health had "gotten worse" since the initial APR hearing.

¶ 16 Father asserts that his "parental rights were essentially severed" by the juvenile court's order that he not have any parenting time. But an APR judgment — even one that does not allocate any parenting time to a parent — is not tantamount to a termination judgment because father retains certain rights and responsibilities that he would not have if his parental rights were terminated under section 19-3-604, C.R.S. 2024. *See L.L. v. People*, 10 P.3d 1271, 1277 (Colo. 2000) (concluding that a guardianship order that significantly limited contact with a parent was not functionally equivalent to termination because the court retained jurisdiction and the parent was able to seek a modification of the order); *People in Interest of J.M.B.*, 60 P.3d 790, 793 (Colo. App. 2002) (holding that a guardianship with no parental contact may be a viable alternative to termination of a parental rights in some cases); § 19-3-608(1), C.R.S. 2024 (stating that a termination

judgment divests the parent of "all legal rights, powers, privileges, immunities, duties, and obligations with respect to" the child).

## III.   Other Contentions

¶ 17     Father also asserts that the court erred by awarding "sole custody" to the maternal grandmother.  This contention was addressed in father's first appeal, and due to the narrow scope of the remand from his first appeal, we decline to address it.

## IV.   Disposition

¶ 18     The judgment is affirmed.

JUDGE WELLING and JUDGE BROWN concur.